UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                    CASE NO. 6:11-cr-126-Orl-31KRS

CARLOS GARSON,

      Defendant.

_____/

## ORDER

The Eleventh Circuit Court of Appeals entered an order remanding Defendant's

appeal (case number 12-10906-AA) to this Court for a determination of when Defendant

"filed his *pro se* notice of appeal, which the district court docketed on February 16, 2012."

The appellate court also instructed this Court that, if it finds that Defendant filed the notice

of appeal on or before February 1, 2012, a determination should be made "as to whether

[Defendant] is entitled to an extension of the appeal period under Fed. R. App. P. 4(b)(4)."

*See* Doc. No. 144, filed September 27, 2012.

The Court then entered an Order on October 9, 2012, requiring Defendant to file

file evidence, in the form of an affidavit or other documentary support, demonstrating

when he deposited his notice of appeal in the prison mail system (Doc. No. 145).

Defendant was also instructed that, if it was deposited on or before February 1, 2012,

Defendant should also provide argument and/or evidence with regard to whether

excusable neglect or good cause existed to extend the time to file a notice of appeal. Defendant was advised that the failure to comply with this Order could result in a finding that his notice of appeal was not timely filed.

Defendant did not reply to the Order of October 9, 2012, and the Court entered an Order on December 21, 2012 (Doc. No. 146), requiring Defendant to notify the Court in writing as to whether he wished to continue prosecuting his appeal.  Defendant was notified that the failure to comply could result in a finding by the Court that Defendant did not wish to continue prosecuting his appeal.

Defendant, through counsel (Cynthia Hawkins), filed a motion for extension of time to comply with the Order of October 9, 2012 (Doc. No. 147).  The Court then entered an Order on January 8, 2013, allowing Defendant until February 15, 2013, to comply with the Order of October 9,2012 (Doc. No. 148).  Defendant filed a response on February 27, 2013 (Doc. No. 150).

The Judgment was entered in this case on December 19, 2011 (Doc. No. 126).  The time for filing a notice of appeal expired fourteen days later, which was Monday, January 2, 2012.[1]  Federal Rule of Appellate Procedure 4((b)(4) permits the district court to extend the time to file a notice of appeal for a period not to exceed thirty days from the expiration of the time.  The additional thirty-period then expired on February 1, 2012.  In the present case, Defendant's notice of appeal was file-stamped on February 16, 2012 (Doc. No. 133).

Defendant states in his response that he "had the notice of appeal complete[d] by

---

[1]The Court notes that it appears that Monday, January 2, 2012, was a federal holiday.

2

1-26-2012 ready to mail out-but due to a fight between inmates, [he] was able to mail out the Notice on 2-1-2012." *See* Doc. No. 150 at 2.  He also indicates that "defense counsel Cynthia Hawkins was responsible to the have filed the Notice of appeal." *Id.*  The notice of appeal filed by Defendant reveals a date of "1-26-2012" on the first page, and the certificate of service reflects a date of February 1, 2012. *See* Doc. No. 133.  Defendant stated in the notice of appeal that his "attorney of record fail[ed] to file the Notice of Appeal on [his] behalf." *Id.*

Under the mailbox rule, a pleading is deemed filed when it is signed and presumably submitted to the prison authorities for mailing. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing).  The Court finds that Defendant filed the notice of appeal on February 1, 2012.

The Court further concludes that Defendant has shown good cause to extend the time to file a notice of appeal based on his belief that Ms. Hawkins was going to file the notice of appeal.  Therefore, Defendant is entitled to an extension of the appeal period under Fed. R. App. P. 4(b)(4).  The Clerk of the Court is directed to return the record, as

supplemented, to the Eleventh Circuit Court of Appeals.

      **DONE AND ORDERED** in Chambers at Orlando, Florida, this 4th day of March,

2013.

 

                                                        GREGORY A. PRESNELL
                                                        UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 3/4
Carlos Garson
Counsel of Record